Edward M. Weisz (EW4461)
COZEN O'CONNOR
3 World Trade Center
175 Greenwich Street, 55th Floor
New York, NY 10007
Tel. (212) 297-2660
Fax: (646) 588-1392
Email: eweisz@cozen.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAGVON LLC, | |
| Plaintiff, | Civil Action No.: 3:26-cv-01453 |
| v. | **JURY TRIAL DEMANDED** |
| ROXANN DOLAN, | |
| Defendant. | |

**COMPLAINT FOR DECLARATORY JUDGMENT
OF PATENT NONINFRINGEMENT**

Plaintiff Magvon LLC ("Plaintiff" or "Magvon") for its Complaint for Declaratory Judgment against Defendant Roxann Dolan ("Defendant" or "Ms. Dolan"), alleges as follows:

**PRELIMINARY STATEMENT**

This is an action for a declaratory judgment of non-infringement of United States Patent No. 10,716,738 (the "'738 patent") arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title 35, United States Code. This Declaratory Judgment Complaint relates to threats of legal action made by Ms. Dolan against Magvon, by phone call, text and email in February, 2026, alleging that Magvon's Scrubzz Products (defined below) infringe on Ms. Dolan's '738 patent. Scrubzz's Vice President responded to Ms. Dolan's accusations with an explanation of why its Scrubzz Products do not infringe. However,

because Ms. Dolan continues to assert that patent infringement exists, Magvon files this Complaint to seek a declaration that its products do not infringe the '738 patent.

## THE PARTIES

1. Magvon is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 115 Liverpool Ct, Lakewood, NJ 08701.

2. The 'Scrubzz' brand is owned by Magvon and has a principal place of business located at 725 Airport Road, Unit 3D, Lakewood, NJ, 08701.

3. Upon information and belief, Ms. Dolan is an individual residing at 422 47th St. W. Bradenton, FL 34209.

## JURISDICTION AND VENUE

4. This action arises under the Patent Act of 1952, 35 U.S.C. §§ 1 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* This Court has subject matter jurisdiction to hear this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 based on an actual controversy between Plaintiff and Defendant. As set forth below, this actual controversy was created when, in February, 2026, Ms. Dolan contacted Magvon through phone calls, emails and text messages, accusing Magvon's Scrubzz Products (defined below) of infringing on the '738 patent.

5. Defendant's actions against Plaintiff, a New Jersey-domiciled corporation, in the nature of asserting patent infringement against the Plaintiff's products, which are sold in NJ and elsewhere, have established minimum contacts with New Jersey such that Defendant should reasonably and fairly anticipate being haled into court in New Jersey.

6. Venue in this action lies in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391 as the events giving rise to this action occurred in this district.

## BACKGROUND

7. Magvon sells disposable wipes under the brand name "Scrubzz."

8. Magvon sells Scrubzz products on its "Scrubzz" Amazon storefront.

9. Photos of the Scrubzz products at issue are copied below (the "Scrubzz Products"):




10. One feature of the Scrubzz Products is that the wipes are stacked in a package.

11. Ms. Dolan is purportedly the owner of U.S. Patent No. 10,716,738, a copy of which is attached hereto as Exhibit A.

12. Upon information and belief, the application for the '738 patent was filed on November 13, 2017, and issued as a patent on July 21, 2020.

4

13. On February 9, 2026, Ms. Dolan made a telephone call to Scrubzz at the company's general number and spoke with a Scrubzz employee about Ms. Dolan's patent and that the Scrubzz Products infringe the '738 patent.

14. Then, on February 9, 2026, Ms. Dolan emailed 'info@scrubzz.com' stating "Look it up" with the subject of the email "Patent # 10,716,738 B2."

15. Also on February 9, 2026, Ms. Dolan sent another email to 'info@scrubzz.com' stating " Based on my last conversation with your employee...game on...!" The subject of that email was also "Patent # 10,716,738 B2."

16. Having received these communications and perceived them to be threats of legal action from Ms. Dolan, Scrubzz's Vice President consulted with its patent counsel regarding whether the Scrubzz Products infringe the '738 patent.

17. Scrubzz's counsel advised that, in their opinion, the Scrubzz Products do not infringe the '738 patent, at least because the Scrubzz Products are not arranged in a roll configuration.

18. Specifically, all claims of the '738 patent require the washcloths to be connected in a linear fashion to each other such that a user may remove one or more of the washcloths from a roll.

19. Scrubzz's Vice President subsequently emailed Ms. Dolan on February 9, 2026 with an explanation of why the Scrubzz Products do not infringe the '738 patent.

20. On or about February 10, 2026, Ms. Dolan called Scrubzz's Vice President re-iterating her infringement accusation.

21. During the February 10, 2026 call, Scrubzz's Vice President again explained why the Scrubzz Products do not infringe the '738 patent.

22. Shortly after the conclusion of the February 10, 2026 call, Ms. Dolan sent a text message to the mobile phone of Scrubzz's Vice President, stating "patent attorney secured…sorry it had to be this way."

23. In the course of less than three days from Ms. Dolan's initial contact with Scrubzz, her communications quickly morphed into what Scrubzz reasonably perceives as a real and immediate threat of litigation.

### FIRST COUNT

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**(35 U.S.C. §§ 1 *et seq*; 28 U.S.C. §§ 2201 *et seq.*)**

24. Plaintiff repeats and realleges paragraphs 1- 23 hereof, as if fully set forth herein.

25. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

26. The use, manufacture, offer for sale, sale, and/or importation of the Scrubzz Products does not infringe and will not infringe, literally or under the doctrine of equivalents, the '738 patent at least because the Scrubzz Products do not contain the features claimed in the '738 patent.

27. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding the Scrubzz Products and the '738 patent.

28. Because the Scrubzz Products do not infringe the '738 patent, Plaintiff is entitled to a declaratory judgment that the Scrubzz Products do not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '738 Patent under 35 U.S.C. § 271.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

1. Adjudging that Plaintiff has not infringed and is not infringing, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '738 Patent;

2. A judgment that Defendant, and all persons in active concert or participation with Defendant, be restrained and enjoined from alleging, representing, or otherwise stating that Plaintiff's Scrubzz Products infringe any claim of the '738 patent or from instituting or initiating any action or proceeding alleging infringement of any claim of the '738 patent in connection with the Scrubzz Products.

3. Declaring Plaintiff as the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285.

4. That Defendant be ordered to pay all fees, expenses, and costs associated with this action; and

5. Awarding such other and further relief as this Court deems just and proper.

                    Respectfully submitted,

Dated: February 13, 2026          COZEN O'CONNOR

                    By: */s/ Edward M. Weisz*
                        Edward M. Weisz (EW4461)
                        3 World Trade Center
                        175 Greenwich Street, 55th FL
                        New York, NY 10007
                        Tel. (212) 297-2660
                        Fax: (646) 588-1392
                        Email: eweisz@cozen.com

                      *Attorneys for Plaintiff Magvon LLC*